# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
## SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL ACTION NO. 1:04cr16-Br-Ro-001

RODNEY DARRELL HARRISON                        DEFENDANT

## ORDER

This cause is before the Court on the defendant's Motion for Reduction of Sentence [docket entry no. 24], wherein the defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, the government's response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On May 4, 2004, the defendant entered a plea of guilty for possessing with the intent to distribute cocaine base, i.e., crack cocaine. The original sentence imposed was 97 months imprisonment, 36 months supervised release and a $100.00 special assessment. According to information provided by the United States Probation Office, Harrison was held accountable for 11.6 net grams of cocaine base, which provided for a base offense level of 26. Harrison was given a three level downward departure under U.S.S.G. § 5K2.0 for

acceptance of responsibility, resulting in a total offense level of 23. He was in a criminal history category of VI. The applicable guideline range for a total offense level of 23 and a criminal history category of VI was 92 to 115 months. Harrison was sentenced to 97 months.

After the defendant was sentenced, Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses, went into effect on November 1, 2007. The United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

On April 1, 2008, the defendant filed the instant Motion for Reduction of Sentence. That Motion now is before the Court.

Based on the amended guidelines, the base offense level for the defendant's offense is 24, rather than 26. Factoring in the three level reduction for acceptance of responsibility, the defendant's total offense level is now 21. The guideline sentencing range for a total offense level of 21 with a criminal history category of VI is 77 to 96 months. The defendant asks the Court to reduce his sentence to 77 months, the minimum under the

guidelines.

When the defendant was originally sentenced, the Court did not sentence the defendant to the guideline minimum, which was 92 months.  Rather, the defendant was sentenced to 97 months.  The Court remains of the opinion that the guideline minimum is not the most appropriate sentence.  The Court, therefore, reduces the defendant's sentence from 97 months to 79 months.

### III. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence [docket entry no. 24] is **GRANTED.**

**IT IS FURTHER ORDERED** that the defendant Rodney Harrison's sentence be, and is hereby, reduced from 97 months to 79 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 2nd day of March 2009.

                            s/ David Bramlette

                            **UNITED STATES DISTRICT JUDGE**